# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 01-1050

_____

| | | |
|---|---|---|
| Mary Elaine Sinclair, As Administrator | * | |
| of the Estate of Adam Lawrence Clark, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Southern |
| | * | District of Iowa. |
| City of Des Moines, Iowa; | * | |
| Michael McBride, Individually and in | * | [PUBLISHED] |
| the official capacity as a Des Moines | * | |
| Police Officer; Timothy Peak, | * | |
| Individually and in the official capacity | * | |
| as a Des Moines Police Officer, | * | |
| | * | |
| Defendants - Appellees. | * | |

_____

Submitted: September 11, 2001
Filed: October 11, 2001

_____

Before MORRIS SHEPPARD ARNOLD, BRIGHT, Circuit Judges, and KYLE,[*]
District Judge.

_____

PER CURIAM.

_____

[*]The Honorable Richard H. Kyle, United States District Judge for the District
of Minnesota, sitting by designation.

Mary Elaine (Kirsch) Sinclair, as administrator of the estate of Adam Lawrence Clark, brought a 42 U.S.C. § 1983 action against the City of Des Moines ("City") and two police officers, Michael McBride and Timothy Peak, based on an alleged use of excessive force. Sinclair contends that Officers Peak and McBride shot and killed her son in violation of the Fourth Amendment during a routine investigation of a reported assault and battery.

The undisputed facts show that a possible altercation or fight occurred at a specified residence in Des Moines in the early morning hours of March 28, 1998. Officers Peak and McBride were dispatched to the residence. Upon arrival, they encountered a young woman who appeared to be injured. She told them that the two males who assaulted her had fled to the apartment on the top floor of the building. After proceeding to the apartment, the officers claim they announced their presence and, for their safety, covered the peephole so the occupants of the apartment could not see them. Officer Peak testified that when the door opened, he saw Adam Clark holding what he believed to be a long barrel rifle. Officer Peak fired four times at Clark; three bullets hit Clark and he was killed. Officer McBride did not fire his gun, although he stated in his deposition that he would have fired if the opportunity had arisen and had Peak not been between Clark and him.

The district court[1] granted the individual officers' motions for summary judgment because Sinclair failed to demonstrate that the officers clearly violated any of Clark's established rights; therefore, the officers were entitled to qualified immunity. The court also dismissed Sinclair's claims based on negligence, negligence per se, and assault and battery on the merits. Summary judgment was granted to the City because summary judgment had been granted to the officers.

---

[1]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

The district court properly granted summary judgment to the officers after considering the qualified immunity question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? See Saucier v. Katz, 121 S.Ct. 2151, 2156 (2001) (holding that in excessive force cases, the question of qualified immunity must be the initial inquiry and, in resolving this question, the district court must specifically consider the facts alleged). Here the district court properly concluded that no constitutional or statutory right exists that would prohibit a police officer from using deadly force when faced with an apparently loaded weapon. As the Supreme Court has explicitly said, use of deadly force is permissible when the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others. Tennessee v. Garner, 471 U.S. 1, 3 (1985). Accordingly, the district court did not err.

Because the police officers are absolved of liability, the City cannot be held liable for their actions. See Veneklase v. City of Fargo, 248 F.3d 738, 748 (8th Cir. 2001) (en banc). See also Olinger v. Larson, 134 F.3d 1362, 1367 (8th Cir. 1998) ("The City cannot be liable . . . whether on a failure to train theory or a municipal custom or policy theory, unless [an officer] is found liable on the underlying substantive claim." (quoting Abbott v. City of Crocker, 30 F.3d 994, 998 (8th Cir. 1994))). The district court did not err in granting summary judgment for the City.

We further conclude that the district court did not err in dismissing Sinclair's negligence, negligence per se, and assault claims against the officers on the merits. There is nothing in the record to support the contention that Officer McBride caused Clark's death. Officer McBride did not fire the gun, nor did any of his actions lead to Clark's death. With regard to Officer Peak, the record indicates that reasonable jurors would necessarily conclude that Officer Peak acted as a reasonable, prudent officer under the circumstances that faced him as Clark opened the door to the

apartment with a weapon in his hands.  See Ribbey v. Cox, 222 F.3d 1040, 1043 (8th Cir. 2000) (citing Tennessee v. Garner, 471 U.S. at 3).

For the foregoing reasons, we affirm the district court's grant of summary judgment to officers Michael McBride, Timothy Peak, and the City of Des Moines.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.